TRINETTE G. KENT (State Bar No. 025180)
KENT LAW OFFICES
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@kentlawpc.com

Of Counsel to:
Michigan Consumer Credit Lawyers
22142 West Nine Mile Road
Southfield, MI 48033
Telephone: (248) 353-2882
Facsimile: (248) 353-4840

*Attorneys for Plaintiff,*
*Stephanie Roth*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Stephanie Roth, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Equifax Information Services, LLC, a Georgia corporation, RSI Enterprises, Inc., an Arizona corporation, and Wells Fargo Bank, N.A., a California corporation. | **JURY TRIAL DEMAND** |
| Defendants. | |

NOW COMES THE PLAINTIFF, STEPHANIE ROTH, BY AND THROUGH COUNSEL, TRINETTE G. KENT, and for her Complaint against the Defendants, pleads as follows:

## JURISDICTION

1. Jurisdiction of this court arises under the Fair Credit Reporting Act ("FCRA") 15 U.S.C. §1681p; the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p; and 28 U.S.C. §§1331, 1337.

## VENUE

2. The transactions and occurrences which give rise to this action occurred in the City of Queen Valley, Pinal County, Arizona.

3. Venue is proper in the District of Arizona, Phoenix Division.

## PARTIES

4. The Defendants to this lawsuit are:

   a. Equifax Information Services, LLC ("Equifax"), which is a Georgia company that maintains a registered agent in Maricopa County, Arizona;

   b. RSI Enterprises, Inc. ("RSI Enterprises"), which is an Arizona corporation that maintains a registered agent in Maricopa County, Arizona; and

    c. Wells Fargo Bank, N.A. ("Wells Fargo"), which is a California corporation that maintains a registered agent in Maricopa County, Arizona.

## GENERAL ALLEGATIONS

5. On or about May 12, 2016, Plaintiff obtained her Equifax credit report and noticed 14 different Wells Fargo trade lines with account numbers starting in 31467437901XXXX which were reported with "dispute" language. She also noticed a trade line reported by RSI Enterprises with account number 6150526 with "dispute" language. These trade lines are hereinafter referred to as "Errant Trade Lines."

6. Mrs. Roth no longer disputed the Errant Trade Lines, so on or about November 3, 2016, Mrs. Roth submitted a letter to Equifax, requesting that it remove the disputed language from the Errant Trade Lines. She indicated that she no longer disputed the Errant Trade Lines.

7. Upon information and belief, Equifax forwarded Mrs. Roth's consumer disputes to RSI Enterprises and Wells Fargo.

8. On or about November 26, 2016, Mrs. Roth received Equifax's investigation results, which showed that Wells Fargo retained the dispute language on all 14 Errant Trade Lines. This also showed that RSI retained the dispute language on its Errant Trade Line.

# COUNT I

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT BY RSI ENTERPRISES

9. Plaintiff realleges the above paragraphs as if recited verbatim.

10. At all relevant times, Defendant RSI Enterprises, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

11. Plaintiff is a "Consumer" pursuant to the FDCPA, and the account at issue is a consumer debt.

12. Defendant RSI Enterprises is a "debt collector" pursuant to the FDCPA, 15 U.S.C. §1692a(6).

13. Defendant RSI Enterprises' foregoing acts in attempting to collect the alleged debt violated the following provisions of the FDCPA:

a. 15 U.S.C. §1692e2(A) by misrepresenting the character, amount, or legal status of any debt. Defendant RSI Enterprises did this when it failed to remove the disputed status from its Errant Trade Line on Plaintiff's Equifax credit file.

14. Plaintiff has suffered economic, emotional, general, and statutory damages as a result of these violations of the FDCPA.

**WHEREFORE**, **PLAINTIFF PRAYS** that this court grant her a judgment against Defendant for actual damages, costs, interest, and attorneys' fees.

## COUNT II

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY RSI ENTERPRISES

15. Plaintiff realleges the above paragraphs as if recited verbatim.

16. After being informed by Equifax of Mrs. Roth's consumer dispute that she wanted to remove the dispute language from the Errant Trade Line, RSI Enterprises negligently failed to conduct a proper investigation of Mrs. Roth's dispute as required by 15 USC 1681s-2(b).

17. RSI Enterprises negligently failed to review all relevant information available to it and provided by Equifax in conducting its reinvestigation as required by 15 USC 1681s-2(b). Specifically, it failed to direct Equifax to remove the dispute language from the Errant Trade Line.

18. The Errant Trade Line is inaccurate and creating a misleading impression on Mrs. Roth's consumer credit file with Equifax to which it is reporting such trade line.

19. As a direct and proximate cause of RSI Enterprises' negligent failure to perform its duties under the FCRA, Mrs. Roth has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

20. RSI Enterprises is liable to Mrs. Roth by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

21. Mrs. Roth has a private right of action to assert claims against RSI Enterprises arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant RSI Enterprises for damages, costs, interest, and attorneys' fees.

## COUNT III

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY RSI ENTERPRISES

22. Plaintiff realleges the above paragraphs as if recited verbatim.

23. After being informed by Equifax that Mrs. Roth disputed the accuracy of the information it was providing, RSI Enterprises willfully failed to conduct a proper reinvestigation of Mrs. Roth's dispute.

24. RSI Enterprises willfully failed to review all relevant information available to it and provided by Equifax as required by 15 USC 1681s-2(b).

25. As a direct and proximate cause of RSI Enterprises willful failure to perform its duties under the FCRA, Mrs. Roth has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

26. RSI Enterprises is liable to Mrs. Roth for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and she may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant RSI Enterprises for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT IV

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY WELLS FARGO

27. Plaintiff realleges the above paragraphs as if recited verbatim.

28. After being informed by Equifax of Mrs. Roth's consumer dispute that she wanted to remove the dispute language from the Errant Trade Lines, Wells

Fargo negligently failed to conduct a proper investigation of Mrs. Roth's dispute as required by 15 USC 1681s-2(b).

29. Wells Fargo negligently failed to review all relevant information available to it and provided by Equifax in conducting its reinvestigation as required by 15 USC 1681s-2(b). Specifically, it failed to direct Equifax to remove the dispute language from the Errant Trade Lines.

30. The Errant Trade Lines are inaccurate and creating a misleading impression on Mrs. Roth's consumer credit file with Equifax to which it is reporting such trade lines.

31. As a direct and proximate cause of Wells Fargo's negligent failure to perform its duties under the FCRA, Mrs. Roth has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

32. Wells Fargo is liable to Mrs. Roth by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

33. Mrs. Roth has a private right of action to assert claims against Wells Fargo arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant Wells Fargo for damages, costs, interest, and attorneys' fees.

## COUNT V

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY WELLS FARGO

34. Plaintiff realleges the above paragraphs as if recited verbatim.

35. After being informed by Equifax that Mrs. Roth disputed the accuracy of the information it was providing, Wells Fargo willfully failed to conduct a proper reinvestigation of Mrs. Roth's dispute.

36. Wells Fargo willfully failed to review all relevant information available to it and provided by Equifax as required by 15 USC 1681s-2(b).

37. As a direct and proximate cause of Wells Fargo's willful failure to perform its duties under the FCRA, Mrs. Roth has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

38. Wells Fargo is liable to Mrs. Roth for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and she may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant Wells Fargo for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT VI

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

39. Plaintiff realleges the above paragraphs as if recited verbatim.

40. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mrs. Roth as that term is defined in 15 USC 1681a.

41. Such reports contained information about Mrs. Roth that was false, misleading, and inaccurate.

42. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mrs. Roth, in violation of 15 USC 1681e(b).

43. After receiving Mrs. Roth's consumer dispute to the Errant Trade Lines, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

44. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Mrs. Roth has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

45. Equifax is liable to Mrs. Roth by reason of its violation of the FCRA in an amount to be determined by the trier fact together with her reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Equifax for actual damages, costs, interest, and attorneys' fees.

## COUNT VII

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

46. Plaintiff realleges the above paragraphs as if recited verbatim.

47. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mrs. Roth as that term is defined in 15 USC 1681a.

48. Such reports contained information about Mrs. Roth that was false, misleading, and inaccurate.

49. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Mrs. Roth, in violation of 15 USC 1681e(b).

11

50. After receiving Mrs. Roth's consumer dispute to the Errant Trade Lines, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

51. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Mrs. Roth has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

52. Equifax is liable to Mrs. Roth by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Equifax for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

DATED: December 9, 2016

KENT LAW OFFICES

By: */s/ Trinette G. Kent*
Trinette G. Kent
Attorneys for Plaintiff,
Stephanie Roth