UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| STEPHANIE ROTH, | 2:16-cv-04325 JWS |
| Plaintiff, | ORDER FROM CHAMBERS |
| vs. | [Motion at Docket 29] |
| EQUIFAX INFORMATION SERVICES, LLC; RSI ENTERPRISES, INC.; WELLS FARGO BANK, N.A., | |
| Defendants. | |

## I. MOTION PRESENTED

At docket 29, Defendant RSI Enterprises, Inc. ("RSI") filed a motion to dismiss Counts I, II, and III pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim for which relief can be granted. Plaintiff Stephanie Roth ("Plaintiff") filed a response at docket 30. RSI filed a reply at docket 31. Oral argument was not requested and would not be of assistance to the court.

## II. BACKGROUND

Plaintiff brings three claims against RSI based on information contained in her May 2016 Equifax credit report regarding a trade line reported by RSI ("RSI Trade Line"). The RSI Trade Line was reported with "dispute" language, which indicates that Plaintiff disputed the debt. Plaintiff alleges that in November of 2016 she "no longer disputed" the trade line and, therefore, submitted a letter to Equifax explaining her position and requesting that it remove the dispute language associated with the RSI Trade Line.[1] Plaintiff alleges that Equifax then forwarded that information to RSI; that is, she alleges that Equifax let RSI know that Plaintiff raised a dispute about the disputed status of her RSI Trade Line. Plaintiff alleges that on November 26, 2016, she received the results of Equifax's inquiry into the dispute status of the RSI Trade Line, and the results showed that RSI retained the dispute language despite the fact that she no longer wanted to dispute it.

Plaintiff filed a complaint based on this set of facts. She alleges in Count I that RSI violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692e(2)(A), by misrepresenting the legal status of her debt when it failed to remove the "disputed status" from her credit file regarding the RSI Trade Line. In Counts II and III Plaintiff alleges that RSI both negligently and willfully violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681s-2(b), by failing to conduct an investigation into the matter after learning from Equifax about the now-inaccurate debt status of her RSI Trade Line. RSI asserts that these allegations do not support a claim under the FDCPA or FCRA,

---

[1] Doc. 1 at p. 3, ¶ 6.

and therefore Plaintiff's claims against it should be dismissed.  Plaintiff asks for leave to amend in the event the court concludes her complaint contains deficiencies.

## III. STANDARD OF REVIEW

Rule 12(b)(6) tests the legal sufficiency of a plaintiff's claims.  In reviewing such a motion, "[a]ll allegations of material fact in the complaint are taken as true and construed in the light most favorable to the nonmoving party."[2]  To be assumed true, the allegations may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively."[3]  Dismissal for failure to state a claim can be based on either "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."[4]  "Conclusory allegations of law . . . are insufficient to defeat a motion to dismiss."[5]

To avoid dismissal, a plaintiff must plead facts sufficient to "'state a claim to relief that is plausible on its face.'"[6]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[7]  "The plausibility standard is not akin to

---

[2] *Vignolo v. Miller,* 120 F.3d 1075, 1077 (9th Cir. 1997).

[3] *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

[4] *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

[5] *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001).

[6] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[7] *Id.*

-3-

a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."[8]  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"[9]  "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."[10]

Leave to amend must be granted "[u]nless it is absolutely clear that no amendment can cure the defects."[11]

## IV.  DISCUSSION

**A. FDCPA claim**

Plaintiff claims that RSI violated 15 U.S.C. § 1692e—which prohibits a debt collector from using any "false, deceptive, or misleading representation or means in connection with the collection of any debt"—by retaining the disputed status of her RSI Trade Line account.  RSI argues that it had no affirmative duty under the FDCPA to update any credit reporting agency as to the dispute status of an account.  RSI cites an Eighth Circuit case, *Wilhelm v. Credico, Inc.*[12]  *Wilhelm* involved the application of 15 U.S.C. § 1692e(8), which is one of only two sections in the FDCPA dealing with credit

---

[8]*Id.* (citing *Twombly*, 550 U.S. at 556).

[9]*Id.* (quoting *Twombly*, 550 U.S. at 557).

[10]*Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009); *see also Starr*, 652 F.3d at 1216.

[11]*Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir.1995) (per curiam); *see also Lopez v. Smith*, 203 F.3d 1122, 1126 (9th Cir.2000) (en banc).

[12]519 F.3d 416 (8th Cir. 2008).

reporting.[13] Section 1692e(8) states that a debt collector may not "communicat[e] . . . credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed."[14] The Eighth Circuit stated that § 1692e(8) stands for the proposition that "if a debt collector *elects* to communicate 'credit information' about a consumer, it must not omit a piece of information that is always material, namely, that the consumer has disputed a particular debt," but it does not impose a duty on a debt collector to update the credit reporting agency about a dispute that is raised by a consumer after the fact.[15] That is, § 1692e(8) applies to reports made by debt collectors to credit reporting agencies after a debt has been disputed; it does not impose a duty on debt collectors to update the dispute status of each debt it has reported. Based on the reasoning in *Wilhelm*, § 1692e(8) would not impose a duty on RSI to update Equifax as to the status of the Plaintiff's RSI Trade Line from disputed, which is how RSI originally reported the debt, to undisputed.

Plaintiff acknowledges that her claim does not fit within § 1692e(8), but asserts that she brings her claim under § 1692e(2)(A), which prohibits a debt collector from making a false representation about "the character, amount, or legal status of any debt." She argues that RSI falsely reported back to Equifax that her debt is disputed, and therefore she claims that RSI made an inaccurate representation about the debt's legal status since she no longer disputes the debt. RSI argues that the complaint does

---

[13]*See Rogers v. Overton, Russell & Donovan, LLP*, No. 1:16-cv-00784, 2017 WL 570811, at * 3 (N.D.N.Y. Feb. 13, 2017).

[14]15 U.S.C. § 1692e(8).

[15]*Wilhelm*, 519 F.3d at 418.

not actually contain an allegation that RSI made a representation or communicated with Equifax and, therefore, does not adequately state a claim under § 1692e(2)(A). Indeed, the complaint only alleges that (1) Plaintiff informed Equifax that she no longer disputed the validity of the RSI Trade Line debt; (2) Equifax reported her complaint about the dispute language to RSI; and (3) she then received the results of the Equifax investigation which "showed that RSI retained the dispute language on its [RSI] Trade Line." There is no allegation regarding any communication between RSI and Equifax or the substance of any such communication. To the extent Plaintiff relies on documents included with her response brief to support her argument that RSI actually made a false representation, the court concludes that these documents were not attached to or referenced in the complaint itself and therefore cannot be considered.[16]

Plaintiff requests an opportunity to amend any deficiencies in her complaint. Given that Plaintiff has not previously amended her complaint and the parties have not provided any briefing as to whether an amendment would be futile, the court will allow Plaintiff to attempt to fix her FDCPA claim against RSI. The court stresses, however, that Plaintiff should keep in mind the purpose of the FDCPA, which is to protect the unsophisticated consumer and help the consumer intelligently choose a response to

---

[16]For a motion under Rule 12(b)(6), a court is generally limited to reviewing only the complaint, but it may review materials which are submitted as part of the complaint. *See Gonzalez v. First Franklin Loan Servs.*, No. 1:09-cv-00941, 2010 WL 144862, at *3 (E.D. Cal. Jan. 11, 2010) (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001)); *Campanelli v. Bockrath*, 100 F.3d 1476, 1479 (9th Cir. 1996); *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986). It may also consider documents whose contents are alleged in a complaint and whose authenticity no party questions, even if those documents are not physically attached to the pleading. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994) *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).

any debt collection attempt.[17] The Ninth Circuit has recognized that communications by a debt collector that do not implicate the FDCPA's purpose are not within the scope of the Act.[18] Specifically, when "assessing FDCPA liability, [courts] are not concerned with mere technical falsehoods that mislead no one, but instead with genuinely misleading statements that may frustrate a consumer's ability to intelligently choose his or her response."[19] Here, Plaintiff and Equifax already have accurate information—namely, that Plaintiff does not want to dispute the debt anymore. RSI's failure to report the debt as undisputed back to Equifax and Plaintiff, giving them information that they already have, does not appear to mislead anyone, much less constitute a "false, deceptive, or misleading representation . . . in connection with the collection of any debt."[20] Thus, Plaintiff will need to amend her complaint to include more than just a specific allegation that RSI communicated inaccurate information back to Equifax; there will need to be some allegation about RSI's actions that implicates the FDCPA's purpose.

**B. FCRA**

Plaintiff alleges that RSI's actions in relation to the dispute language associated with her RSI Trade Line also violates FCRA, 15 U.S.C. § 1681s-2(b), which requires a

---

[17]*Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1032, 1034 (9th Cir. 2010).

[18]*See, e.g., Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926, 935-39 (9th Cir. 2007) (holding that the FDCPA's goal of protecting vulnerable and unsophisticated debtors from deceptive collection practices is not served by applying its strictures to communications sent only to a debtor's attorney, unaccompanied by any threat to contact the debtor, and are therefore not actionable under the act); *Donohue,* 592 F.3d at 1033-34 (holding that a false but non-material representation is not likely to mislead the consumer and, therefore, is not actionable under § 1692e).

[19]*Donohue*, 592 F.3d at 1034.

[20]15 U.S.C. § 1692e.

debt collector to conduct an investigation after receiving a dispute notice from a credit reporting agency about a consumer's allegation of an inaccuracy in the consumer's credit report. Plaintiff brings her claim under §1681s-2(b) because it provides for a private right of action.[21] Plaintiff alleges that RSI received a dispute notice from Equifax regarding her objection to the dispute language associated with her RSI Trade Line but that RSI did not conduct any investigation as required under § 1681s-2(b). As RSI points out in its response, FCRA also requires that RSI report a debt as disputed when a consumer disputes a debt directly to it.[22] Based on the complaint, Plaintiff had originally disputed the RSI Trade Line with RSI, and consequently RSI was required to report it as a disputed debt. As the complaint is written, Plaintiff never directly told RSI that it no longer disputed the debt, and therefore RSI is required under FCRA to retain that dispute status. RSI cannot be liable for both reporting Plaintiff's account as disputed and not reporting it as disputed. Furthermore, RSI had nothing to investigate upon receipt of the notice from Equifax. As RSI notes in its reply brief, "[t]he decision to dispute or not dispute a debt is completely up to the debtor."[23] The last RSI heard directly from Plaintiff was that she disputed the debt and that is all any investigation of RSI's files would have turned up. Plaintiff does not allege or argue that RSI had an obligation to look outside its files and contact Plaintiff for verification.

---

[21] While § 1681s-2(a) requires a person who furnishes information about debt to a credit reporting agency to accurately report that information, there is no private right of action to enforce such a violation. 15 U.S.C. § 1681s-2(c)(1), (d); *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1154 (9th Cir. 2009).

[22] 15 U.S.C. § 1681s-2(a)(3).

[23] Doc. 31 at p. 6.

Plaintiff also argues in her response brief that RSI was liable under FCRA for failing to conduct an investigation because it reported the wrong "compliance code" under the applicable reporting system. She attaches coding manuals and additional documents to show that RSI improperly coded its response to Equifax's dispute notice, suggesting RSI never conducted the required investigation. Plaintiff's allegations about improper coding have not been included in her complaint, and the documents Plaintiff attaches to her response have not been referenced therein either. Thus, the court may not consider the additional documents.[24] Although the court is not convinced these additional materials support Plaintiff's FCRA claim against RSI, the court will allow Plaintiff to amend her complaint to include the new allegations and theory of liability related to RSI's investigatory obligations under § 1681s-2(b).

## V. CONCLUSION

Based on the preceding discussion, RSI's motion to dismiss Counts I, II, and III at docket 29 is GRANTED. Plaintiff may file an amended complaint to correct the noted deficiencies within fourteen days of this order.

DATED this 17th day of May 2017.

/s/ JOHN W. SEDWICK
SENIOR JUDGE, UNITED STATES DISTRICT COURT

---

[24] *See supra* n. 16.